UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STIMSON LUMBER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>COEUR D'ALENE TRIBE,<br><br>Defendant. | Case No. 2:22-cv-00089-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Stimson Lumber Company's Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction. Dkt. 3. Plaintiff has filed a Memorandum, two Affidavits, and various exhibits in support of the Motion. Dkts. 4–6.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 2000, TOBD, Inc. and Defendant, Coeur D'Alene Tribe (the "Tribe"), entered into an Agreement under which TOBD, Inc. would lease certain land and assets from the Tribe and construct and operate a sawmill (the "Mill"). Dkt. 1, ¶ 8. TOBD, Inc. began operating the Mill. *Id*. at ¶ 9. TOBD's rights under the Agreement were acquired by Plummer Forest Products (*Id*.), which were then acquired in 2006 by the Plaintiff, Stimson Lumber Company ("Stimson") (*Id*. at ¶ 10).

The Agreement expired on June 1, 2001, but through various renewals, the Agreement was extended to June 1, 2020. *Id*. at ¶ 12–13. Since then, Stimson has become

a holdover tenant on a month-to-month tenancy, which is construed as an extension of the Agreement. *Id*. at ¶ 14. Under Section 14.1 of the Agreement, Stimson received a Purchase Option to purchase the Mill. *Id*. at ¶ 16. On May 27, 2020, Stimson sent the Tribe written notice of its exercise of the Purchase Option. *Id*. at ¶ 20. The Tribe refused to sell the Mill, claiming that Stimson failed to provide timely notice of its intent to exercise the Purchase Option. *Id*. at ¶ 25. The Tribe then attempted to negotiate a written extension of the Agreement that would remove the Purchase Option and require Stimson to sell approximately 41,000 acres of timberlands to the Tribe. *Id*. at ¶ 28. On February 22, 2022, the Tribe accused Stimson of trespassing at the Mill since May 31, 2020, and demanded that Stimson vacate the facility before March 31, 2022. *Id*. at ¶ 30. As a result, Stimson brought this action against the Tribe raising claims for breach of contract, unjust enrichment, and conversion. Dkt. 1. Stimson seeks specific performance, damages, and declaratory and injunctive relief. *Id*.

On March 2, 2022, Stimson filed the instant Motion for Temporary Restraining Order and Motion for Preliminary Injunction asking that the Court enjoin the Tribe from terminating the Agreement and evicting Stimson. Dkt. 3, at 1.

### III. DISCUSSION

Injunctions and restraining orders are governed by Federal Rule of Civil Procedure 65. Under Rule 65(a), a preliminary injunction can be issued only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Issuance of a TRO, on the other hand, requires the moving party to show that "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the

applicant before the adverse party . . . can be heard in opposition...." Fed. R. Civ. P. 65(b). Federal Rule of Civil Procedure 65(b)(1)(B) also requires the movant's attorney to certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

In this case, Stimson has moved for both a preliminary injunction and a TRO. The Motion and Affidavit have apparently not been served upon the Tribe, nor has there been a showing as to why an injunction should issue before such service. The record indicates that the Tribe is aware of the dispute over the exercise of the Purchase Option. For instance, Stimson filed correspondence between it and the Tribe regarding the Purchase Option between May 27, 2020 and February 23, 2022. Dkts. 6-2–6-4. Although a summons was issued (Dkt. 2), no affidavit of service has been filed with the Court. Further, no showing has been made as required by Rule 65(b)(1)(B) as to any efforts Stimson has made to serve Tribe with this Motion and/or why such service should not be required before an injunction is entered. Given the lack of such an affidavit, and the fact that there are four weeks before the eviction deadline, the Court finds that the record does not, on its own, support a finding that an injunction must issue immediately without notice and without an opportunity for the Tribe to respond.

Accordingly, the Court will deny the Motion for TRO. The Motion for Preliminary Injunction is pending and the Court will set an expedited briefing schedule on that Motion as stated below. Stimson shall serve Coeur d'Alene Tribe with the Motion, the accompanying Memorandum and Affidavits, and this Order forthwith and shall file a proof of such service.

MEMORANDUM DECISION AND ORDER - 3

## IV. ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that Stimson's Motion for Temporary Restraining Order (Dkt. 4) is **DENIED**. The Motion for Preliminary Injunction (Dkt. 4) is **UNDER ADVISEMENT**.

IT IS FURTHER ORDERED that Stimson shall serve the Motion (Dkt. 4) and this Order upon the Tribe and file a certificate of service of the same no later than **March 4, 2022**. The Tribe shall file any response brief to the Motion for Preliminary Injunction on or before **March 10, 2022**. Stimson may file a reply brief no later than **March 14, 2022**. The Court will hold a hearing on this matter on March 16 at 4:00 pm MST via Zoom.[1]

DATED: March 3, 2022

David C. Nye
Chief U.S. District Court Judge

---

[1] In the event that Defendant refuses to accept service, Plaintiff may renew its Motion for a Temporary Restraining Order pursuant to the requirements in Rule 65(b) of the Federal Rules of Civil Procedure.