Matthew L. Murdock (*Pro Hac Vice* DC #241655)
Sonosky, Chambers, Sachse,
Endreson & Perry, LLP
1425 K Street NW, Suite 600
Washington, D.C. 20005
Telephone: (202) 682-0240
Facsimile: (202) 682-0249
Email: mmurdock@sonosky.com

Vanessa L. Ray-Hodge (ISB # 10565)
Sonosky, Chambers, Sachse,
Mielke & Brownell, LLP
500 Marquette Ave, NW, Suite 660
Albuquerque, NM 87102
Telephone: (505) 247-0147
Facsimile: (505) 843-6912
Email: vrayhodge@abqsonosky.com

Eric R. Van Orden, Legal Counsel (ISB #4774)
Coeur d'Alene Tribe
P.O. Box 408
Plummer, Idaho 83851
Telephone: (208) 686-6116
Facsimile: (208) 686-9102
Email: ervanorden@cdatribe-nsn.gov

*Attorneys for the Coeur d'Alene Tribe*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| STIMSON LUMBER COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>COEUR D'ALENE TRIBE,<br><br>  Defendant. | Case No. 2:22-cv-00089-DCN<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |

1

Defendant Coeur d'Alene Tribe ("Tribe") respectfully submits this memorandum in support of its motion to dismiss plaintiff Stimson Lumber Company's ("Stimson") Amended Complaint (Dkt. 26) for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Court lacks subject matter jurisdiction over this action, requiring dismissal of all claims, because the Tribe is not a citizen of any state for diversity jurisdiction. Accordingly, the Tribe respectfully requests the Court dismiss this action in its entirety.

## BACKGROUND

As alleged in the Amended Complaint, the Tribe "is a federally recognized Indian tribe possessed with the full legal power of a sovereign domestic government." Dkt. 26 ¶ 3. On May 31, 2000, the Tribe entered into a "Lease and Option Agreement" with TOBD, Inc. ("Agreement"), to lease land and assets owned by the Tribe for a sawmill ("Mill"). Dkt. 26, Ex. 1 at 19. The Tribe entered into the Agreement itself as "Lessor." *Id.* In 2006, Stimson acquired rights in the Agreement as a successor tenant. Dkt. 26 ¶ 10. The Agreement had an initial term of one year (the "Lease Term"), followed by a series of automatic renewal terms of either four or five years (a "Renewal Term"). Dkt. 26, Ex. 1 at 20-21 (§§ 3.1, 3.2.2). The Tribe granted an option to purchase the Mill that only lasted "during the Lease Term and all Renewal Terms." *Id.* at 26 (§ 14.1). In order to exercise this option, the Agreement expressly required Stimson to send the Tribe "written notice . . . not less than sixty (60) days prior to the termination of the Lease Term or any Renewal Term." *Id.* (§ 14.1(a)). Consequently, Stimson had approximately fourteen years to decide whether to exercise the option since acquiring the right in 2006.

The Amended Complaint alleges that, on May 27, 2020, "Stimson sent the Tribe written 'notice of exercise of the [Purchase Option] for immediate effect.'" Dkt. 26 ¶ 20. This was four days before the end of the Agreement's last Renewal Term and fifty-six days after the April 1,

2020, deadline for Stimson to exercise the option. Stimson has brought state law claims related to its allegation that the Tribe is obligated to sell the Mill to Stimson. *Id*. ¶¶ 30-46.

The Amended Complaint attempts to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. *Id.* ¶ 4. The Amended Complaint alleges that this "Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs." *Id.* ¶ 4. Stimson alleges the Tribe is "incorporated with its principal place of business in Idaho." *Id.* ¶ 3. But Stimson also alleges the "Tribe is a federally recognized Indian tribe possessed with the full legal power of a sovereign domestic government." *Id.*

## LEGAL STANDARD

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) (citation omitted). On a Rule 12(b)(1) motion, the "jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted).

In a facial attack, the moving party "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and the Court does "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks and citation omitted); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (court is not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly

subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

Under a factual attack, the "challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. In a factual attack, the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* In doing so, the Court "need not presume the truthfulness of the plaintiff's allegations." *Id.*

## ARGUMENT

The Court should dismiss Stimson's action in its entirety because the Tribe is not a citizen of any state and this destroys diversity.[1] Federal courts "are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute" and "which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Stimson cannot meet its burden to invoke this Court's diversity jurisdiction because the Tribe is stateless.

**I.    This Court Lacks Subject Matter Jurisdiction Because the Tribe Is Not a Citizen of Any State.**

Stimson's Amended Complaint brings state law claims related to the company's allegation that the Tribe is obligated to sell the Mill to Stimson under the Agreement. Dkt. 26 ¶¶ 30-46. The

---

[1] The Tribe continues to reserve its right to assert sovereign immunity, as it implicates the Court's subject matter jurisdiction; may be raised at any time; and the Tribe does not consent to the Court's jurisdiction. *See Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1015-16 (9th Cir. 2007) (sovereign immunity "limits a federal court's subject matter jurisdiction"); Fed. R. Civ. P. 12(h)(2).

Amended Complaint's sole basis for this Court's jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Dkt. 26 ¶ 4. In particular, the Amended Complaint alleges this "Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs." *Id.* However, the Tribe is not a citizen of any state and its presence as a party destroys diversity.

Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). An Indian tribe, such as the Tribe, is not a citizen of any state. *Am. Vantage Cos., Inc. v. Table Mountain Rancheria*, 292 F.3d 1091, 1095 (9th Cir. 2002); *see also Romanella v. Hayward*¸114 F.3d 15, 16 (2d Cir. 1997); *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993). The Tribe is stateless for jurisdictional purposes and its presence destroys diversity. *Am. Vantage*, 292 F.3d at 1095; *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829-30 (1989) (a stateless person is a "jurisdictional spoiler[]"). This is fatal to Stimson's action and the Court lacks subject matter jurisdiction over all claims.

### A. The Allegations in the Amended Complaint Are Insufficient on Their Face to Establish Diversity Jurisdiction.

The allegations in Stimson's Amended Complaint are insufficient on their face to invoke the Court's diversity jurisdiction. Stimson has not met its burden of pleading diversity jurisdiction. *Rainero*, 844 F.3d at 840. Stimson's Amended Complaint has only the conclusory allegation that the "Tribe is incorporated with its principal place of business in Idaho." Dkt. 26 ¶ 3. The Court should not accept this conclusory allegation as true because it is contradicted by the Amended Complaint, its exhibit, and matters subject to judicial notice. *Daniels-Hall*, 629 F.3d at 998 (court is not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice"); *Fox Family*, 328 F.3d at 1139. Stimson's sole

5

conclusory allegation that the Tribe is "incorporated" is merely an unwarranted legal conclusion couched in the form of a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (court is "not bound to accept as true a legal conclusion couched as a factual allegation"); *see also Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (court does not accept "*legal conclusions* in the complaint as true") (emphasis in original). This allegation should be disregarded because Stimson does not allege any facts in support of its assertion that the Tribe is "incorporated."

Stimson's conclusory allegation that the Tribe is "incorporated" is contradicted by the allegation that the "Tribe is a *federally recognized Indian tribe* possessed with the full legal power of a *sovereign domestic government*."[2] Dkt. 26 ¶ 3 (emphasis added). Stimson admits the Tribe is a "sovereign domestic government." *Id.* The Ninth Circuit has squarely held that "domestic sovereigns are not citizens of states for purposes of diversity jurisdiction." *Am. Vantage*, 292 F.3d at 1097. Further, the Court may take judicial notice of the fact that the Tribe is listed on the Bureau of Indian Affairs's list of federally recognized Indian tribes. 87 Fed. Reg. 4636, 4637 (Jan. 28, 2022).[3] The Tribe's presence on this list shows it is "recognized to have the immunities and privileges available to federally recognized Indian Tribes." *Id.* This demonstrates as a matter of law that the Tribe has sovereign status and contradicts Stimson's conclusory allegation that the Tribe is "incorporated."

---

[2] Stimson's initial complaint only included this allegation. Stimson added its conclusory allegation that the Tribe is "incorporated" in its Amended Complaint, after the Tribe showed it cannot be sued in diversity in opposing Stimson's motion for preliminary injunction. The Court should disregard Stimson's new conclusory allegation that the Tribe is "incorporated" because it is merely a transparent attempt to manufacture diversity jurisdiction where it clearly does not exist.

[3] Fed. R. Evid. 201(b); *United States v. Zepeda*, 705 F.3d 1052, 1064 (9th Cir. 2013) ("the Bureau of Indian Affairs's list of federally recognized tribes is a proper subject of judicial notice"), *superseded by* 792 F.3d 1103 (9th Cir. 2015); *see also Nw. Env't Advocs. v. EPA*, 537 F.3d 1006, 1026-27 (9th Cir. 2008) (taking judicial notice of facts in federal agency's notice in the Federal Register).

A federally recognized Indian tribe is a "legal term of art meaning that the federal government acknowledges as a matter of law that a particular Indian group has tribal status." *Frank's Landing Indian Cmty. v. Nat'l Indian Gaming Comm'n*, 918 F.3d 610, 613 (9th Cir. 2019). The Tribe's federal recognition "confirm[s] the tribe's existence as a distinct political society." *Cal. Valley Miwok Tribe v. United States*, 515 F.3d 1262, 1263 (D.C. Cir. 2008) (citation omitted). That is the end of the matter and requires dismissal, because the Tribe is a federally recognized Indian tribe and therefore stateless. *Mitchell v. Bailey*, 982 F.3d 937, 943 (5th Cir. 2020) (A "federally recognized Indian tribe[] is to be considered a stateless entity when establishing whether there is complete diversity between all parties.").

Section 19.4.1 of the Agreement attached as Exhibit 1 to the Amended Complaint further confirms the Tribe is a "federally recognized Indian tribe duly and validly organized under a constitution and bylaws ratified by the members of the Tribe." Dkt. 26, Ex. 1 at 35 (§ 19.4.1). On its face, section 19.4.1 contradicts any allegation that the Tribe is incorporated. This shows that the Tribe is organized under section 16 of the Indian Reorganization Act ("IRA"), which provides that an Indian tribe "shall have the right to organize for its common welfare, and may adopt an appropriate constitution and bylaws" that become effective upon ratification by tribal members and approval by the Secretary of Interior. 25 U.S.C. § 5123(a). The Court may take judicial notice of the Tribe's Constitution and Bylaws that were federally approved pursuant to section 16 of the IRA. *See* Declaration of Eric Van Orden ("Van Orden Decl."), Exhibits 1-2; Fed. R. Evid. 201(b); *see, e.g.*, *N. Cnty. Cmty. All., Inc. v. Salazar*, 573 F.3d 738, 746 n.1 (9th Cir. 2009) (taking judicial notice of tribal ordinance and federal agency's approval letter). The Agreement as well as the Tribe's Constitution and Bylaws each demonstrates conclusively that the Tribe is an unincorporated Indian tribe that cannot be sued in diversity. *See* Van Orden Decl., Exs. 1-2.

The Tribe's constitutional form under section 16 of the IRA cannot be confused with section 17 of the IRA. Section 17 of the IRA provides that Indian tribes may also incorporate to form a federally-chartered corporation. *See* 25 U.S.C. § 5124. Stimson does not allege that the Tribe is a corporation formed under Section 17 of the IRA, and there would be no basis for such an allegation because the Tribe is organized under Section 16. *See* Van Orden Decl., Exs. 1-2. An Indian tribe's "constitutional form" is "distinct from its corporate form." *Big Sandy Rancheria Enters. v. Bonta*, 1 F.4th 710, 721 (9th Cir. 2021). The Tenth Circuit in *Gaines*, 8 F.3d at 729, explained this distinction specifically in the context of diversity jurisdiction. The court in *Gaines* first rejected the plaintiff's conclusory allegation in the complaint as insufficient to establish diversity jurisdiction. *Id.* The court then explained the tribe's "constitutional and corporate entities [are] separate and distinct." *Id.* (citation omitted and bracketed text in original). *Gaines* found the case involved "the tribe's constitutional rather than corporate entity" and thus the tribal enterprise was stateless for purposes of diversity jurisdiction. *Id.* Similarly, this case involves a lease the Tribe entered into itself pursuant to its constitutional authority.

In short, the Tribe is a "federally recognized Indian tribe possessed with the full legal power of a sovereign domestic government." Dkt. 26 ¶ 3. The Tribe is not a corporation and, other than a single conclusory allegation, Stimson has not alleged any facts to supports its conclusory claim that the Tribe is, in fact, incorporated—which it is not. The face of the Amended Complaint, its exhibit, and documents that can be judicially noticed demonstrate that complete diversity is not met because the Tribe is not a citizen of any state. Accordingly, this action must be dismissed in its entirety because the Tribe destroys diversity.

//

//

B.  **In the Alternative, Evidence Outside the Amended Complaint Show the Tribe is Not "Incorporated."**

While no more is needed, the Court may alternatively "review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air*, 373 F.3d at 1039. In doing so, the Court "need not presume the truthfulness of the plaintiff's allegations." *Id.* Matters outside the Amended Complaint show that the Tribe is not "incorporated," and further confirm Stimson's conclusory allegation has been in an attempt to create a basis for obtaining jurisdiction.

The Tribe is not incorporated. Van Orden Decl. ¶ 4. The Tribe is a sovereign tribal government that has adopted a Constitution and Bylaws pursuant to section 16 of the IRA. *Id.* As provided in the Tribe's Constitution, the Tribe's governing body is the Tribal Council. *Id.* ¶ 6, Ex. 1, art. III § 1. The Tribal Council exercises the Tribe's sovereign and inherent powers on behalf of the Tribe. *Id.* art. VII. This includes the sovereign power to "administer the affairs and assets of the Tribe including Tribal lands . . . with appropriate . . . leases." *Id.* art. VII § 1(B).

Stimson's original complaint in this action alleged *only* that the Tribe is "a federally recognized Indian tribe possessed with the full legal power of a sovereign domestic government." Dkt. 1 ¶ 3. Stimson's original complaint attached a 2006 modification to the Agreement that started the contractual relationship between the Tribe and Stimson, and which clearly provides the Tribe is "a federally recognized Indian tribe and sovereign nation." Dkt. 6-1 at 2. Stimson's own documents show the company understood it was "leasing from the Tribe a sawmill and related property in Plummer, Idaho." Dkt. 6-4 at 2. In May 2020, Stimson drafted a proposed amendment to the Agreement, which states the Tribe is "a federally recognized Indian tribe and sovereign nation." *Id.* at 3. Stimson's own statements and documents disprove its conclusory allegation in the Amended Complaint that the Tribe "is incorporated." Dkt. 26 ¶ 3.

9

In Stimson's supplemental filing on its motion for preliminary injunction, Stimson included two appraisals and Tribal Council Resolutions that further confirm the Tribe, as a sovereign nation, is the lessor. The first appraisal is dated December 23, 1999, from the National Appraisal Co., Inc. ("1999 appraisal"). Dkt. 30-1 at 3. The 1999 appraisal notes that the Mill is located on "an Indian reservation owned by The Coeur d'Alene Tribe." *Id.* at 25. The 1999 appraisal also has the deed to the Mill that demonstrates ownership in the "Coeur d'Alene Tribe, a federally recognized Indian tribe." *Id.* at 132. The second appraisal dated July 28, 2000, was prepared for TOBD, Inc., which was the original lessee of the Mill ("2000 appraisal"). *Id.* at 142. The 2000 appraisal acknowledges that the "Coeur d'Alene Tribe purchased the millsite in October of 1999," *id.* at 162, and that TOBD was "acquiring *from the Coeur d'Alene Tribe* the use of the 54±acre millsite" and certain other property. *Id.* at 164 (emphasis added). The 2000 appraisal repeats that the "land, building, dry kilns, boiler and rail spur will be leased *by the tribe* to TOBD, Inc. under a 20-year lease." *Id.* (emphasis added).[4] Neither appraisal suggests that the Tribe "is incorporated." Rather, the appraisals confirm that the Tribe, as a sovereign nation, owns the land and is the lessor.

Similarly, the three resolutions of the Tribal Council that Stimson included in its supplemental filing on its motion for preliminary injunction also show the Tribe's sovereign status. Dkt. 30-2. For example, CDA Resolution 121 recites the Tribe's status as follows:

> [T]he Coeur d'Alene Tribal Council has been empowered to act for and on behalf of the Coeur d'Alene Tribe pursuant to the revised Constitution and Bylaws adopted by the Coeur d'Alene Tribe by referendum November 10, 1984, and approved by the Secretary of the Interior, Bureau of Indian Affairs, December 21, 1984[.]

---

[4] The Tribe later approved the assignment from TOBD, Inc. to Stimson through a modification agreement that again identified the Tribe as "a federally recognized Indian tribe and sovereign nation." Dkt. 6-1 at 2.

10

*Id*. at 2. The Certification on the Resolution also clearly states that the action was approved by the "Coeur d'Alene Tribal Council" and duly adopted "at a meeting of the Coeur d'Alene Tribal Council." *Id.* at 3. The signatures on the Resolution are those of the Tribal Chairman and Tribal Secretary and nowhere in the substantive provisions of the Resolution is there any suggestion that the Tribe is incorporated.

These matters outside the Amended Complaint disprove Stimson's conclusory allegation that the Tribe is "incorporated." Stimson cannot now seriously allege that the Tribe is "incorporated." The Tribe is, in fact, a "federally recognized Indian tribe and sovereign nation." Dkt. 6-4 at 3. Therefore, the Court lacks subject matter jurisdiction over this action because the Tribe is stateless. *Am. Vantage*, 292 F.3d at 1095.

## CONCLUSION

For these reasons, the Tribe respectfully requests this action be dismissed for lack of subject matter jurisdiction.

Respectfully submitted this 28th day of March, 2022.

/s/ Matthew L. Murdock
Matthew L. Murdock (*Pro Hac Vice* DC #241655)
Sonosky, Chambers, Sachse,
Endreson & Perry, LLP
1425 K Street NW, Suite 600
Washington, D.C. 20005
Telephone: (202) 682-0240
Facsimile: (202) 682-0249
Email: mmurdock@sonosky.com

Vanessa L. Ray-Hodge (ISB # 10565)
Sonosky, Chambers, Sachse,
Mielke & Brownell, LLP
500 Marquette Ave, NW, Suite 660
Albuquerque, NM 87102
Telephone: (505) 247-0147

11

Facsimile: (505) 843-6912
Email: vrayhodge@abqsonosky.com

Eric R. Van Orden, Legal Counsel (ISB #4774)
Couer d'Alene Tribe
P.O. Box 408
Plummer, Idaho 83851
Telephone: (208) 686-6116
Facsimile: (208) 686-9102
Email: ervanorden@cdatribe-nsn.gov

*Attorneys for the Coeur d'Alene Tribe*