UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STIMSON LUMBER COMPANY,<br><br>    Plaintiff,<br>v.<br><br>COEUR D'ALENE TRIBE,<br><br>    Defendant. | Case No. 2:22-cv-00089-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Coeur d'Alene Tribe's Motion to Dismiss. Dkt. 35. On August 8, 2022, the Court held oral argument and took the motion under advisement. Upon review, and for the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND

This case is a contract dispute between Plaintiff Stimson Lumber Company ("Stimson") and Defendant Coeur d'Alene (the "Tribe") involving a sawmill and attendant property in northern Idaho. As the facts of this case are familiar to the parties, the Court will not belabor them here. *See* Dkt. 44, at 2–5. The Court previously granted Stimson's Motion for Preliminary Injunction. Dkt. 44. As part of that decision, the Court ruled that the Tribe had waived its sovereign immunity. *Id.* at 9. The Court also explained it was going to hold a hearing, and rule separately, on the jurisdictional arguments raised by the Tribe. *Id.* at 1. Having held the aforementioned hearing, the matter is now ripe for the Court's review.

MEMORANDUM DECISION AND ORDER - 1

### III. LEGAL STANDARD

When subject matter jurisdiction is challenged pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of persuasion. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A party who brings a Rule 12(b)(1) challenge may do so by referring to the face of the pleadings or by presenting extrinsic evidence. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual . . . .").

If the jurisdictional attack is facial, the challenger asserts that the allegations contained in a complaint are insufficient on their face to establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When considering this type of jurisdictional attack, a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court need not presume the truthfulness of the plaintiff's allegations and may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.*

The Tribe brings a facial attack against the complaint. However, by filing several exhibits in support of its Motion to Dismiss, the Tribe has also brought a factual

jurisdictional attack against the complaint.[1] Under *Meyer*, the Court can review this outside information without converting the Motion to Dismiss into a motion for summary judgment.

## IV. ANALYSIS

### A. Diversity Jurisdiction

The Court has already ruled that the Tribe waived its sovereign immunity. Dkt. 44, at 9. However, a finding of a waiver of sovereign immunity "does not end the court's inquiry" because such a waiver "does not automatically confer jurisdiction on this court." *Snowbord Const. Co., Inc. v. U.S.*, 666 F. Supp. 1437, 1441 (D. Idaho 1987). The Court must next determine whether federal question or diversity jurisdiction exists. *Id.* As Stimson did not raise a federal question, the Court will only examine if diversity jurisdiction exists.

The Ninth Circuit has held that "[a]n Indian tribe or an unincorporated arm of a tribe is not a citizen of any state." *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008). In fact, the Ninth Circuit has specifically rejected "the contention that a tribe's waiver of sovereign immunity creates state citizenship for diversity jurisdiction purposes." *American Vantage Companies, Inc. v. Table Mountain Rancheria*, 292 F.3d 1091, 1099 (9th Cir. 2002). However, "a corporation organized under tribal law should be analyzed for diversity jurisdiction purposes as if it were a state or federal corporation." *Cook*, 548 F.3d

---

[1] Stimson also filed outside documents relating to jurisdiction the night before the hearing on the Motion for Preliminary Injunction. Dkt. 30.

MEMORANDUM DECISION AND ORDER - 3

at 723 (holding that, for diversity purposes, "a tribal corporation is a citizen of the state where it has its principal place of business"). Notably, in most contexts, an Indian tribe's "constitutional form" is separate from its corporate form. *Big Sandy Rancheria Enterprises v. Bonta*, 1 F.4th 710, 721 (9th Cir. 2021). Thus, the Court must determine whether the Tribe is an incorporated corporation to determine whether it can retain jurisdiction over the claims at issue in this case. Two prior cases are of particular importance to the instant suit.

In *American Vantage Companies, Inc. v. Table Mountain Rancheria*, the Ninth Circuit upheld a district court's dismissal of a case on the grounds that it lacked subject matter jurisdiction. 292 F.3d 1091 (9th Cir. 2002). In that case, the parties entered into a contract under which American Vantage Companies, Inc. ("American Vantage") "provided gaming management and consulting services to the tribe [Table Mountain] in connection with operation of the casino." *Id.* at 1094. The contract stated that the tribe "'waives its sovereign immunity from suit solely for the purposes of enforcement of the terms of this Agreement' and that 'either party to this Agreement may seek appropriate relief in a United States District Court, unless the parties agree to an alternate forum, for the breach of the Agreement.'" *Id.* When Table Mountain unilaterally terminated the contract, American Vantage sued. The Ninth Circuit followed the lead of other circuits and held that "Indian tribes are not state citizens." *Id.* at 1095.

American Vantage had argued "that the casino, although not incorporated, should be treated as a corporation—and thus as a citizen—because it is acting like a corporation." *Id.* at 1099. The Ninth Circuit firmly rejected this argument, noting that "the Supreme Court has rejected attempts to treat entities in the nature of corporations *as* corporations for

MEMORANDUM DECISION AND ORDER - 4

purposes of diversity jurisdiction" and that a tribe does not "shed noncitizenship" "merely by embarking on a commercial enterprise." *Id.* at 1100 (emphasis in original).

In *Whittle v. Zims Hot Springs*, 2022 WL 280293 (D. Idaho Jan. 31, 2022), this Court granted summary judgment in favor of Zims Hot Springs, a hot springs business that was operated by the Nez Perce Tribe. In summarizing two of the seminal cases on the matter, *American Vantage* and *Cook*, Judge B. Lynn Winmill held:

> Reading *American Vantage* and *Cook* together provides a clear rule as to when a tribe may be subject to the diversity jurisdiction of the court. If the tribe is unincorporated and its business operations are likewise unincorporated, then neither the tribe nor its business operations are citizens for purposes of 28 U.S.C. § 1332.

*Id.* at *2. In granting summary judgment, Judge Winmill noted that "there is no dispute that the Nez Perce Tribe is an unincorporated entity. Likewise, there is no evidence that Zims Hot Springs was, at the time of the incident in question here, incorporated under state or tribal law." *Id.* at 3.

Here, the Tribe makes a twofold argument. First, that the allegations in the Amended Complaint are insufficient on their face to establish diversity jurisdiction. Second, that in the alternative, evidence outside the Amended Complaint shows the Tribe is not "incorporated." As the latter argument, a factual attack, is dispositive of the issue here, the Court will not review the Tribe's facial attack.

As evidence that the Tribe is not a corporation, the Tribe points to the Lease Agreement, attached as an exhibit to the Amended Complaint, which states at Section 19.4.1 that "Lessor is a federally recognized Indian tribe duly and validly organized under a constitution and bylaws ratified by members of the Tribe." Dkt. 26, at 35. The phrase

"federally recognized Indian tribe" is also used on the title page, the introductory paragraph, and the signing block of the Lease Agreement. *Id.* at 13, 19, and 55. It is worth noting that this phrase also appears on several other documents proffered to the Court by Stimson in previous filings, including several Lease modifications and amendments. *E.g.*, Dkt. 6-1, at 2, 8, and 9; Dkt. 6-2, at 8, 11, 13, and 15.

The Tribe also filed its constitution and by-laws (Dkt. 35-3) and constitutional amendments (Dkt. 35-4). The constitution and by-laws, which are not corporate documents, are not disputed by Stimson. The Tribe's motion included a declaration by Eric Van Orden, legal counsel for the Tribe, stating that "the Tribe is not incorporated." Dkt. 35-2, at 2. Furthermore, the Court takes judicial notice of the fact that the Tribe is listed on the public list of federally recognized Indian tribes. Indian Entities Recognized By and Eligible To Receive Services From the United States Bureau of Indian Affairs, 87 Fed. Reg. 4636, 4637 (Jan. 28, 2022).

For its part, Stimson relies on a line in Section 19.4.1 of the Lease that states "Lessor exercises corporate powers over the Leased Assets." Dkt. 26, at 35. But, acting like a corporation does not make the Tribe a corporation. Stimson has provided no other evidence that the Tribe itself is a corporation.

There is no need for exhaustive analysis here—the Tribe has provided an overwhelming amount of evidence that it is a federally recognized Indian tribe. Stimson has provided no substantive evidence that the Tribe is a corporation, which is a necessary condition for its suit to continue. The weighing of the evidence speaks for itself. Like the tribes in *American Vantage* and *Zims Hot Springs*, the fact that the Tribe engaged in

corporate activity does not render the Tribe a corporation or automatically endow citizenship (and consequently, jurisdiction).

Stimson does imply the Tribe worked through a corporation in this Agreement. Stimson points to an appraisal of the sawmill property that was prepared for the Coeur d'Alene Tribal Planning and Development Corporation ("Planning and Development Corporation") (Dkt. 30-1, at 2) and three Tribal Council Resolutions recorded on paper with a "CDA Tribal Development Corporation" letterhead (Dkt. 30-2). However, this is not evidence that the *Tribe*, the entity actually being sued, is a corporation. Notably, Stimson does not even provide any corporate documents as evidence that the Planning and Development Corporation is actually a corporation. Van Orden declared that the Planning and Development Corporation is "a planning agency of the Tribe that provides limited advice and assistance to the Tribe concerning the leasing of Tribal land and other economic development activity" but "had no authority to 'act as the Lessor' of the Sawmill." Dkt. 35-2, at 3. Even assuming the Planning and Development Corporation is a corporation, Stimson's evidence *at best* shows that the Tribe muddied the corporate waters by involving the Planning and Development Corporation in the Agreement.[2] Stimson's evidence does not overturn or even contradict the evidence the Tribe has provided regarding its status as

---

[2] For example, the Planning and Development Corporation completed the appraisal of the sawmill and attendant property before the Agreement was signed (Dkt. 30-1, at 2) and is listed as the point of contact for notices sent under the Agreement (Dkt. 6-3, at 12). Nevertheless, *the Planning and Development Corporation is not a signatory of the Agreement*.

MEMORANDUM DECISION AND ORDER - 7

a federal Indian Tribe.³

The Ninth Circuit has held that "'[f]ederal recognition' of an Indian tribe is a legal term of art meaning that the federal government acknowledges as a matter of law that a particular Indian group has tribal status." *Frank's Landing Indian Cmty. v. Nat'l Indian Gamming Comm'n*, 918 F.3d 610, 613 (9th Cir. 2019). There is no reason to think that "federally recognized Indian tribe" is not a legal term of art in the documents before the Court today. After looking at the multitude of evidence provided by the Tribe on the record, it is clear the Tribe is not incorporated. Stimson has not met its burden here.

## B. Discovery

In its Response, Stimson suggested that the Court should allow limited discovery on the jurisdictional issue before ruling. Dkt. 38, at 7. The Ninth Circuit allows limited discovery on the issue of personal jurisdiction. In fact, "[d]iscovery should ordinarily be

---

³ The instant case resembles *Gaines v. Ski Apache*, a Tenth Circuit case. There, Plaintiff Ronald Gaines appealed a district court judgment dismissing his suit against Defendant Ski Apache, a ski resort, for lack of diversity jurisdiction. 8 F.3d 726, 728 (10th Cir. 1993). The Mescalero Apache Tribe owned and operated Ski Apache, and argued "that Ski Apache was an unincorporated enterprise of the tribe with no separate legal identity, and that the tribe was not a citizen of any state because it had not incorporated." *Id.* The president of the Tribe filed an affidavit stating that the tribe was a sovereign Indian Tribe, that Ski Apache existed only as an enterprise of the Tribe, and that "[o]wnership, control, and all operations of Ski Apache fall within the constitutional government." *Id.* Largely based on that affidavit, the district court dismissed Gaines' suit. The Tenth Circuit affirmed, concluding that "the Mescalero Apache constitutional and corporate entities are separate and distinct, and it is the tribe's constitutional rather than corporate entity that operates Ski Apache. Thus, the tribe is not a corporation under § 477 of the Indian Reorganization Act." *Id.* at 729 (cleaned up). Ski Apache was also "not incorporated under the laws or ordinances of the tribe." *Id.* The Tenth Circuit also rejected Gaines' argument that the Mescalero Apache Tribe should be treated as a corporation because "the tribe's constitution only refers to the tribe as being 'in the nature of' a nonprofit corporation, not that it *is* a nonprofit corporation," reminding Gaines that "[t]he Supreme Court has rejected attempts to treat entities in the nature of corporations *as* corporations for purposes of diversity jurisdiction." *Id.* at 730 (cleaned up) (emphasis added). Like Gaines, Stimson has not shown that the Tribe's corporate entity acted as the Lessor in the Lease Agreement. And, similar to *Gaines*, the Court rejects the unfounded idea that the Tribe should be treated as a corporation simply because it acted in the nature of a corporation.

granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (quoting *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977); *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). The Ninth Circuit has more recently stated that "[d]iscovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). What's more, "[a] district court's decision to permit or deny jurisdictional discovery is reviewed for abuse of discretion." *Id.*

In *Whittle v. Zims Hot Springs*, Plaintiff Whittle asked that he be allowed to conduct jurisdictional discovery. 2022 WL 280293, at *3. This request was denied, as Whittle presented "no contrary evidence" to Defendant Zims Hot Springs' contention that it was "solely owned, operated and managed by the Nez Perce Tribe" and "has not been incorporated under tribal law." *Id.* Judge Winmill noted that "[s]ince the incorporated or unincorporated status of a business operation is an issue easily resolved through a simple inquiry of the appropriate state or tribal agency, it is difficult to see why further discovery is warranted." *Id.*

At the hearing, Stimson claimed it should be allowed to test the representations and warranties in the Lease Agreement by doing discovery to determine if the Tribe is a corporation—or at least if it represented itself as one. Stimson claims "[t]his discovery is particularly important because the Tribe appears to be the only source for most of the

relevant documents" as the law firm that represented the original lessee "destroyed all documents related to the negotiation." Dkt. 35, at 8. Here, however, there would be no purpose in allowing jurisdictional discovery. Even assuming, *arguendo*, that the Tribe is the only remaining source of documents relating to its status as a corporation, the Tribe has already provided an affidavit by Van Orden stating that "[t]he Tribe is not incorporated." Dkt. 35-2, at 2. As the Tribe is not incorporated, there would be no corporate documents to hand over to Stimson. Furthermore, e*ven if* the Tribe held itself out as a corporation when it signed the original Lease Agreement (and the Court in no means is implying that Tribe did), such a claim does not change the outcome here in light of the Ninth Circuit's holding in *American Vantage*. Additionally, even if, as Stimson claims, discovering the nature of the Tribe's corporate status is not the easy search that the court in *Zims Hot Springs* imagined, Stimson has offered no affidavits or evidence regarding the efforts that Stimson took to discover the Tribe's corporate status on its own up to this point.[4]

Stimson claims that granting the Motion to Dismiss is fundamentally unfair to the spirit of the Agreement. However, claims of inequity, accurate or not, have no bearing on whether a dispute is within this Court's jurisdiction. And this dispute is not. At the hearing, Stimson requested a chance to amend its Complaint. Stimson provided no reason that amending the Complaint again would save it. The Court therefore GRANTS the Tribe's Motion to Dismiss and DISMISSES this case.

---

[4] Stimson also admitted at the hearing that it does not have any case law holding that a tribe can consent to be a citizen of a state for purposes of diversity jurisdiction. As such, citizenship is not something that can be waived like sovereign immunity.

## V. CONCLUSION

Because the Tribe is not a corporation and is therefore not a citizen of any state, this Court lacks jurisdiction over the case.

## VI. ORDER

1. The Coeur d'Alene Tribe's Motion to Dismiss (Dkt. 35) is GRANTED.

2. Stimson Lumber Company's claims are DISMISSED. The Court will enter a concurrent Judgment in accordance with Federal Rule of Civil Procedure 58.

DATED: August 16, 2022

David C. Nye
Chief U.S. District Court Judge